UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ISYED PRADO,

    Plaintiff,

vs.

USA TRANSPORTERS, INC, a Florida
Corporation, and JEANNETTE
CARDENAS, individually,

    Defendants.
_____/

# **COMPLAINT**

COMES NOW Plaintiff ISYED PRADO, by and through her undersigned attorneys, and hereby sue Defendants, USA TRANSPORTERS, INC, a Florida Corporation, and JEANNETTE CARDENAS, individually, and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant USA TRANSPORTERS is a Florida Corporation which regularly conducted business within the Southern District of Florida. Specifically, USA TRANSPORTERS is a subcontractor of a Sixt (a vehicle rental company) and which performs auxiliary services of cleaning, washing and vacuuming rental vehicles for Sixt's vehicles.

6. USA TRANSPORTERS is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce. Specifically, Plaintiff and one other employee of USA TRANSPORTERS would routinely handle vehicle cleaning, washing, and vacuuming tools and materials on a regular and consistent basis. These vehicle cleaning, washing, and vacuuming tools and materials handled or used by Plaintiff, as well as other employees of USA TRANSPORTERS, had travelled in interstate commerce. Furthermore, USA TRANSPORTERS, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7. Upon information and belief, the annual gross revenue of USA TRANSPORTERS was at all times material hereto in excess of $500,000.00 per annum gross for the year 2017, 2018, 2019. Upon information and belief, USA TRANSPORTERS is expected to have gross annual income in excess of $500,000.00 per annum for the year 2020.

8. By reason of the foregoing, USA TRANSPORTERS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, JEANNETTE CARDENAS, is an "employer," as defined in 29 U.S.C. § 203(d), as she had operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff. Defendant JEANNETTE CARDENAS controlled the purse strings for the corporate Defendant. Defendant JEANNETTE CARDENAS hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: OVERTIME WAGES

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. Plaintiff is employed by the Defendants as a non-exempt car cleaner and washer.

12. Plaintiff was employed from on or about November 25, 2014 through the present and ongoing time.

13. Plaintiff routinely worked more than 40 hours per week.

14. Plaintiff was paid a rate of $10.00 per hour in 2017, a rate of $11.00 per hour commencing on or about March 2018, a rate of $11.50 per hour commencing on or about December 2018 through the present time.

15. Plaintiff is permitted to take a 30-minute lunch break. However, from on or about January 2017 through January 20, 2020, Plaintiff was engaged to continue working while she was scheduled to have lunch. Nevertheless, Defendants would deduct the 30-minute break from her schedule. Defendants unlawfully deducted this 30 minute break during all five (5) days that she was scheduled to work in the week.

16. From on or about January 21, 2020 through the present and ongoing time, Plaintiff was engaged to continue working while she was scheduled to have lunch on approximately half of

the days she is scheduled to work. Nevertheless, Defendants would deduct the 30-minute break from her schedule. Defendants unlawfully deducted this 30-minute break during approximately half of the days she is scheduled to work.

17. Defendants are required to compensate Plaintiff for the 30-minute lunch break at a rate of time and one-half the regular rate of pay.

18. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

19. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that they were being paid for their hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages that were due. Moreover, Plaintiff would report the hours she was working and report that she was working through lunch. Thus, Defendants continue to willfully violate the FLSA.

20. Plaintiff has retained the law offices of the undersigned attorneys to represent her in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff request compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues triable as of right by jury.

Dated: March 2, 2020

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561